UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC GEROW,

    Plaintiff,

v.                              Case No: 8:24-cv-02280-KKM-NHA

TOM BLACKWELL, et al.,

    Defendants.
_____

## ORDER

Eric Gerow moves for reconsideration (Doc. 6) of the Court's order (Doc. 4) denying his motion for CM/ECF access (Doc. 3). I deny that motion.

"Absent a court order, a pro se litigant is not permitted to file documents in CM/ECF." *Administrative Procedures for Electronic Filing* (M.D. Fla. Apr. 1, 2024); *see* Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."). Such an order is generally unavailable in this district unless "the pro se party makes a showing of good cause or extenuating circumstances justifying such relief." *Hooker v. Wilkie*, No. 8:20-CV-1248-T-02CPT, 2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020). The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause. *See, e.g., Jain v. Myers*,

No. 20-11908, 2024 WL 46654, at *6 (11th Cir. Jan. 4, 2024) (per curiam), *cert. denied*, No. 24-168, 2024 WL 4529815 (U.S. Oct. 21, 2024); *Dahl v. Fla. Dep't of Highway Safety & Motor Vehicles*, No. 21-14499, 2022 WL 17076734, at *4 (11th Cir. Nov. 18, 2022) (per curiam); *McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam).

Gerow has not shown that his case is out of the ordinary. The reasons he claims that he needs electronic filing—the cost of printing, the cost of postage, the additional time required to file paper documents, and the cost of PACER access—are common to all pro se litigants who file paper documents. If these burdens were enough to justify CM/ECF access, the exception would swallow the rule.

Even still, the burdens Gerow identifies are not so great as he makes them out to be. For one, Gerow complains that filing and notice by mail deprive him of the time he is allotted to respond to a filing. The Federal Rules of Civil Procedure already account for this issue. Parties receiving notice by mail have three days added to their deadlines. FED. R. CIV. P. 6(d). For another, the Middle District allows pro se litigants to submit filings to the clerk's office electronically (though without direct access to CM/ECF) through the Electronic Document Submission Web Portal. *See* M.D. Fla, *Electronic Document Submission Web Portal* (*available at* https://www.flmd.uscourts.gov/electronic-document-submission-web-portal); *see also Rothschild v. Anywhere Advisors LLC*,

No. 2:24-CV-304-SPC-KCD, 2024 WL 2749245, at *1 (M.D. Fla. May 29, 2024). Gerow may therefore submit filings to the clerk's office without either using the United States Postal Service or visiting the clerk's office in person. As for the cost of PACER access, federal courts are empowered to grant exceptions to PACER's fee schedule for indigent litigants. *See* U.S. Courts, *Electronic Public Access Fee Schedule* (Dec. 31, 2019) (*available at* https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule); *see also Ogilvie v. Millsaps*, No. 8:15-CV-2477-T-36JSS, 2015 WL 6688343, at *1 (M.D. Fla. Oct. 30, 2015). Yet Gerow has not claimed that he is entitled to such an exception.

Because Gerow has not shown good cause or extenuating circumstances justifying access to CM/ECF, his motion for reconsideration (Doc. 6) is **DENIED**.

**ORDERED** in Tampa, Florida, on November 5, 2024.

*Kathryn Kimball Mizelle*
Kathryn Kimball Mizelle
United States District Judge